JDG:AMC
F.#2011R00532

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DIANA DURAND

              Defendant.

- - - - - - - - - - - - - - - - -X

INDICTMENT

Cr. No. **CR 14 - 00247**

(T. 2, U.S.C., §§ 441a(a)(1), 441f,
437g(d)(1)(A)(ii) and 437g(d)(1)(D)(i);
T. 18, U.S.C., §§ 1001(a)(2) and
3551 et seq.)

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Limits on Federal Campaign Contributions

    1.    The Federal Election Campaign Act of 1971, as amended, Title 2, United States Code, Sections 431 et seq. (the "Election Act"), limited financial influence in the election of candidates for federal office, including the office of Member of the House of Representatives.

    2.    In order to limit the influence that any one person could have on the outcome of a federal election, the Election Act limited the amount and source of money that could be contributed to a federal candidate or to an individual candidate's political campaign committee.

    3.    To promote transparency and prevent individuals from circumventing these regulations, the Election Act prohibited a person from making a political contribution

2

in the name of another person, including giving funds to a "straw donor" or a "conduit" for the purpose of having the straw donor or conduit pass the funds on to a federal candidate as her or his own contribution.

    4. The Federal Election Commission ("FEC") was an agency and department of the United States with jurisdiction to compile and publicly report accurate information about the sources and amounts of contributions to federal candidates and their political campaign committees.

    5. In 2010, the Election Act limited both primary and general election campaign contributions to $2,400, resulting in an overall limit of $4,800 in contributions that any person could contribute to any one candidate during the 2010 election cycle.

II.    Candidates and Committees

    6. Candidate A, an individual whose identity is known to the Grand Jury, was a candidate for the House of Representatives in 2010. Committee A, an entity whose identity is known to the Grand Jury, was a political campaign committee formed to receive campaign contributions for the election of Candidate A to federal office.

    7. Candidate B, an individual whose identity is known to the Grand Jury, was a candidate for the House of Representatives in 2010. Committee B, an entity whose identity is known to the Grand Jury, was a federal campaign committee formed to receive campaign contributions for the election of Candidate B to federal office.

## COUNT ONE
(Illegal Campaign Contributions)

8.  In or about and between November 2009 and October 2010, within the Eastern District of New York and elsewhere, the defendant DIANA DURAND did knowingly and willfully make, and cause to be made, contributions to Committee A, which contributions exceeded the limitation contained in the Federal Election Campaign Act of 1971, and which violation aggregated more than $2,000 during the 2010 calendar year.

(Title 2, United States Code, Sections 441a(a)(1) and 437g(d)(1)(A)(ii) and Title 18, United States Code, Section 3551 et seq.)

## COUNT TWO
(Campaign Contributions in the Names of Others)

9.  In or about and between November 2009 and October 2010, within the Eastern District of New York and elsewhere, the defendant DIANA DURAND did knowingly and willfully make, and cause to be made, contributions of money, aggregating more than $10,000 during the 2010 calendar year, in the names of others, to Committee A and to Committee B.

(Title 2, United States Code, Sections 441f and 437g(d)(1)(D)(i) and Title 18, United States Code, Section 3551 et seq.)

## COUNT THREE
(False Statements)

10.  On or about June 14, 2012, within the Eastern District of New York and elsewhere, the defendant DIANA DURAND did knowingly and willfully make one or more materially false, fictitious and fraudulent statements and representations, in a matter

within the jurisdiction of the executive branch of the Government of the United States to wit: the Federal Bureau of Investigation ("FBI"), in that DURAND stated and represented to a Special Agent of the FBI that: (1) she did not reimburse Straw Donor #1 for his/her contribution to Committee A; and (2) that she did not agree in advance to reimburse Straw Donor #2 for his/her contribution to Committee A, when, in fact, as she then and there well knew and believed that: (1) she had reimbursed Straw Donor #1 for his/her contribution to Committee A in March 2010; and (2) she had agreed in advance to reimburse Straw Donor #2 for his/her contribution to Committee A in March 2010.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2011R00532
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*DIANA DURAND,*

Defendant.

## INDICTMENT

(T. 2, U.S.C., §§ 441a(a)(1), 441f, 437g(d)(1)(A)(ii) and 437g(d)(1)(D)(i); T. 18, U.S.C., §§ 1001(a)(2) and 3551 et seq.)

*A true bill.*

_____ /s/ Eleana Smith _____
Foreperson

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
Clerk

Bail, $ _____

*Anthony Capozzolo, Todd Kaminsky and Nathan Reilly, Assistant U.S. Attorneys*