UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                14 CR 247 (SJ)

   - against -

                                                MEMORANDUM &
                                                ORDER

DIANA DURAND,

                            Defendant.
------------------------------------------------------------X
A P P E A R A N C E S:

LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Anthony M. Capozzolo
         Marisa M. Seifan
         Robert Lloyd Capers
Attorneys for the United States

KAPLAN & SCONZO, P. A.
3399 PGA Boulevard, Suite 180
Palm Beach Gardens, Florida 33410
By:    Stuart N. Kaplan
Attorney for Diana Durand


JOHNSON, Senior District Judge:

       Presently before the Court is the Government's letter motion requesting leave to file a letter under seal relating to sealed search warrants. Based on the

submissions of all parties, the June 25, 2014 hearing, and for the reasons stated below, the motion is GRANTED.

## BACKGROUND

Defendant Diana Durand is charged with, inter alia, violating campaign finance laws by contributing more than $10,000 to Congressman Michael Grimm's election campaign in the names of other individuals, in violation of 2 U.S.C. §§ 441f and 437g(d)(1)(D)(i). She is also charged with lying to federal agents about those contributions, in violation of 18 U.S.C. § 1001(a).

On June 9, 2014, the Government filed a motion requesting leave to file a letter under seal relating to sealed search warrants. On June 18, 2014, the Court received a letter from the Eastern District of New York Press Corps. asserting a presumptive right of access to the sealed search warrants and related documents. On June 23, 2014, the Court also received a Third Party Motion from attorneys representing Michael Grimm in a separate criminal proceeding requesting that the warrants remain sealed.

**DISCUSSION**

While "[t]he existence of the common law right to inspect and copy judicial records is beyond dispute," National Broadcasting Comp. v. Myers, 635 F.2d 945, 949 (2d Cir. 1986), it is equally clear that the right "is not absolute." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589 (1978). The Second Circuit specifically recognized the need to protect the rights of criminal defendants: "the criminal context is shaped both by our responsibility to ensure that criminal defendants are not deprived of their right to a fair trial and by our recognition that what transpires in the court room is public property." See U.S. v. Graham, 257 F.3d 143 (2d Cir. 2001). However, the question of whether to grant public access to search warrants "turns on the government's need for secrecy and lies within the discretion of the court." Matter of Searches of Semtex Industrial Corp., 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (Spatt, J.); see also Application of Newsday, 895 F.2d 74 (2d Cir. 1990).

"After determining the weight of the presumption of access, the court must 'balance competing considerations against it' including, but not limited to 'the danger of impairing law enforcement or judicial efficiency' and the 'privacy interests of those resisting disclosure.'" United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995).

The Government represents that the search warrants are evidence in a separate and ongoing criminal investigation that has not yet been charged. In addition, unsealing the information may harm the fair trial rights of the suspect in that case. That matter is not before this Court. However, the obvious danger of impairing law enforcement and judicial efficiency in another case justifies this Court in temporarily sealing the search warrants. The Court takes seriously the presumption of public access. As such, it is the expectation of this Court that these documents will be readily available upon the conclusion of the Government's investigation in the separate action.

## **CONCLUSION**

The Court has considered all arguments. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the Government's letter motion requesting leave to file a letter under seal relating to sealed search warrants is hereby GRANTED.

SO ORDERED.

Dated: June 26, 2014 _____/s/_____
Brooklyn, New York Sterling Johnson, Jr., U.S.D.J.