UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

        Plaintiff,

                                            Case No.: 1:14CR-00247

vs.

DIANA DURAND

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## MOTION FOR RECONSIDERATION AND REVIEW OF SENTENCE IMPOSED

      Defendant, DIANA DURAND, by and through the undersigned counsel and pursuant to Federal Rule of Criminal Procedure 35 respectfully moves this Honorable court to reconsider sentence and grant a reduction, conversion, or in the alternative, to set this matter for a hearing so that evidence and argument may be presented in supported thereof.

      As grounds, Defendant states the following:

      1.      On or about September 3, 2014, the Defendant pled guilty to Making Prohibited Contributions in the Name of Another in violation of 2 U.S.C. § 441f.

      2.      On March 17, 2015, Defendant was sentenced to three months of custodial incarceration, one year probation, and a $10,000.00. Defendant was ordered to surrender to U.S. Marshals in Texas on May 1, 2015.

      3.      Where an offender has young children, courts have considered this fact and "varied" downward. *See, e.g., United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008); *United States v. Ruff*, 535 F.3d 999, 1001 (9th Cir. 2008). As noted above, even when the Guidelines were mandatory, the Ninth Circuit recognized that a lesser sentence was appropriate where, as here, a defendant was the sole caretaker of a child. *See, e.g., United States v. Menyweather*, 447 F.3d 625,

632-34 (9th Cir. 2006); *see also United States v. Rangel*, 697 F.3d 795, 803 (9th Cir. 2012).

4. Generally a district court may not alter a term of imprisonment once it has been imposed. *United States v. Wise*, 515 F. 3d 220 (3rd Cir 2008). The exceptions to this general rule, however, are set forth in 18 U.S.C § 3582(c), which limits the court's jurisdiction to modify sentences except as set forth in statute:

> (B)the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;
>
> Fed. R. Crim. P. 35 (a) Correcting Clear Error. Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

5. In the case at bar, Defendant implores the Court to re-examine the sentence imposed and determine that a clear error has occurred. When you juxtapose factors to consider in a sentence based on variances set forth in 2 U.S.C Section 441f, with the advisory guideline ranges, and the government's recommendation of no term of custodial incarceration, this case just doesn't add up.

6. Diana Durand had no prior criminal record. She had accepted responsibility for her actions. Diana Durand has no chance of re-offending. She certainly is not a danger to community. Rather, it takes a brief review of the letters submitted to this court from friends, family, and co-workers, to take notice that it is beyond dispute that Diana Durand is a woman of many fine qualities. Ms. Durand has achieved much personal and professional success as a result of her perseverance and reputation in the community and in her profession, with a national leading provider of lubricants, fuel, diesel exhaust fluid, and industrial reliability services.

7. Diana Durand has built this reputation while at the same time admirably performing the untiring duties and responsibilities as a single mother to her minor child. Ms. Durand's minor

son resides with her full-time, is solely financially supported by Ms. Durand, and is currently enrolled in high school.

8. Notwithstanding her plea of guilty in the instant matter before this Court, Ms. Durand continues to be regarded as a woman of outstanding candor, honesty, and integrity. Despite this isolated incident which absolutely represents an aberration to her normal law abiding lifestyle she is a role model for her minor son, her family and her community and cannot continue to be a role model if she is incarcerated.

9. Diana Durand is a simple woman. She is not complicated or manipulating. Unlike many others who have been convicted of similar crimes, the motivation behind her actions was not to curry favor or gain unlimited access to a politician or a political party. Instead, all Ms. Durand attempted to do was to assist a dear and trusted friend who she wholeheartedly believed was the best person to represent the people in Congress.

10. The government does not object to this motion for reconsideration. More specifically, counsel has conferred and the government does not oppose Ms. Durand being placed on home detention for the three (3) month sentence imposed by this Honorable Court.

11. Such a sentence of home detention would allow Ms. Durand to continue to support and provide for minor child both financially and emotionally. Such a sentence would allow Ms. Durand to maintain her gainful employment. Such a sentence would be consistent with the statutory guidelines and consistent with the above cited case law recognizing that a lesser sentence was appropriate where, as here, Ms. Durand is the sole caretaker of a minor child.

WHEREFORE, Defendant, DIANA DURAND, by and through the undersigned counsel and pursuant to Federal Rule of Criminal Procedure 35 respectfully moves this Honorable court to reconsider sentence and grant a reduction, conversion, or in the alternative, to set this matter for a

hearing so that evidence and argument may be presented in supported thereof.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to Marisa Seifan, Esq., Assistant United States Attorney, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201 Marisa.Seifan@usdoj.gov this 17th day of March, 2015.

**KAPLAN SCONZO & PARKER, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 180
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919

By: **/s Stuart N. Kaplan**
STUART N. KAPLAN, ESQUIRE
Florida Bar No.: 0647934
**skaplan@kaplansconzolaw.com**
Secondary Email: jwise@kaplansconzolaw.com